*E-Filed 11/12/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JAMES E. CUNHA,

    Plaintiff,

    v.

HUMBOLDT COUNTY SHERIFF'S OFFICE, and DEPUTY JEREMY VORIS,

    Defendants.

_____/

No. C 10-4051 RS (PR)

**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

This is a federal civil rights action filed pursuant to 42 U.S.C. § 1983 by a *pro se* state prisoner. The Court now reviews the complaint pursuant to 28 U.S.C. § 1915A(a).

**DISCUSSION**

**A.    Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id*. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica*

*Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting Twombly, 550 U.S. at 556).   Furthermore, a court "is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that on June 11, 2009, defendant Voris, a deputy with the Humboldt Sheriff's Department, arrested him in such a manner as to cause mental and emotional damage, an arrest that obligated plaintiff to pay $15,000 to have his vehicle released from police custody.  Plaintiff also alleges that Voris stole $300 from his vehicle.

In order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486–487 (1994).  A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. *Id.* at 487.

Applying this law to the instant action, plaintiff's complaint does not contain sufficient factual matter to state a claim to relief that is plausible on its face. Specifically, plaintiff has not shown that the conviction or sentence related to the seizure of his vehicle and person has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. Accordingly, the complaint is DISMISSED with leave to amend to address this issue. Plaintiff shall file an amended complaint within 30 days from the date this order is filed. The first amended complaint must include the caption and civil case number used in this order (10-4051 RS (PR)) and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the previous complaints, plaintiff must include in his first amended complaint <u>all</u> the claims he wishes to present and <u>all</u> of the defendants he wishes to sue. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may <u>not</u> incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order will result in dismissal of this action without further notice to plaintiff.

The complaint contains other deficiencies that must be corrected. Plaintiff's conclusory and undetailed allegations of mental and emotional stress and pain are insufficient to state a claim for relief. "No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The qualifying physical injury must be more than *de minimis*, but need not be significant. *See Oliver v. Keller*, 289 F.3d 623, 627–29 (9th Cir. 2002) (holding that back and leg pain caused by sitting on the cement floor, undefined injuries from being assaulted by another prisoner, and a painful canker sore were *de minimis*). Furthermore, that Voris allegedly yelled and cursed at plaintiff ("Get the fuck out of the vehicle") is not actionable. Allegations of harassment, threats, verbal abuse, embarrassment, and defamation are not cognizable under § 1983. *See Freeman and Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997); *see also Gaut v. Sunn*,

810 F.2d 923, 925 (9th Cir. 1987).

It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED**.

DATED: November 10, 2010

_____
RICHARD SEEBORG
United States District Judge